# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN L. WOOD, | |
| *Plaintiff*, | Civil Action No. 2:17-cv-1408 |
| v. | Hon. Peter J. Phipps |
| SPEEDWAY LLC, | |
| *Defendant*. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this slip-and-fall case based on injuries she sustained as she was leaving defendant's commercial property. After the completion of discovery, defendant moved for summary judgment, arguing that plaintiff cannot establish two essential elements of her claim: that a dangerous condition existed and that defendant had notice of the dangerous condition. Defendant is entitled to judgment as a matter of law on both grounds.

## FACTUAL BACKGROUND

On August 26, 2016, plaintiff, Karen L. Wood, fell inside a convenience store owned and operated by defendant, Speedway LLC, in Sharon, Pennsylvania. *See* Combined Concise of Statement Material Facts ("SMF") ¶¶ 1, 16, ECF No. 31; Compl. ¶ 6, ECF No. 1-2. The store has a tile floor, with two area rugs covering the tile immediately inside of the front entrance. *See id.* ¶¶ 2, 11. Plaintiff entered the front of the store and did not notice anything on the tile floor. *See id.* ¶ 3. She walked to the back of the store to the fountain drink machines and filled a large cup with ice and a drink. *See id.* ¶¶ 4-5. After selecting a bag of chips, plaintiff proceeded to the cash register, situated in the front-right of the store, from the outside looking in. After paying, and as she was carrying her drink, a bag of chips, and her wallet, plaintiff slipped and fell on the

tile floor before reaching the rugs inside the front doors. *See id.* ¶¶ 6-8; *see also* Def.'s Reply Br. at 2, ECF No. 29. Her cup hit the rug and spilled the beverage. *See* SMF ¶ 24.

The parties and witnesses provide differing accounts of other details. Plaintiff claims that she slipped on a liquid. *See id.* ¶ 9. After her fall, she felt droplets of liquid on the tile, and there was a wet spot on her pants. *See id.* ¶ 11. Plaintiff also posits that a customer may have caused the spill. *See id.* ¶ 15. The shift lead for the store testified that when she went to check on plaintiff after her fall, the cashier informed her that, after falling, plaintiff reported that the floor was wet. *See* Pl.'s Opp'n at 4, ECF No. 28; C. Jackson Dep. Tr. at 11, 39, ECF No. 28-4. But the cashier swept and mopped the front tile floor approximately two hours before plaintiff's fall. *See* SMF ¶¶ 25, 28-31. He ensured that the floor was dry before he removed the "wet floor" signs from that area. *See id.* ¶¶ 28-29. And approximately one hour before plaintiff's fall, the cashier did not observe liquid on the floor, *see id.* ¶¶ 30-31, nor did he observe anyone spill on that part of the floor from that time until plaintiff's fall, *see id.* ¶ 33.

The record is clear, however, that no one – including plaintiff – saw a liquid on the tile floor before or after plaintiff's fall. *See id.* ¶¶ 12, 14, 20, 31, 38.

**JURISDICTION**

This case is within the diversity jurisdiction of this Court. *See* 28 U.S.C. § 1332(a). Plaintiff initially filed this action in the Court of Common Pleas of Allegheny County, Pennsylvania. Defendant permissibly removed the action to this Court. *See* Def.'s Notice of Removal, ECF No. 1.

The removal was timely. The complaint was served on October 6, 2017, and defendant filed a notice of removal on October 31, 2017. *See id.* ¶ 9. For this case, removal had to occur

2

within 30 days of service of the complaint, and it did. *See* 28 U.S.C. § 1446(b)(1); *see also Calhoun v. Murray*, 507 F. App'x 251, 259 (3d Cir. 2012).

Both requirements for diversity jurisdiction are also satisfied here. The parties are completely diverse, *see generally Strawbridge v. Curtis*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a). Plaintiff is a citizen of Pennsylvania. *Compare* Compl. ¶ 1 *with* Def.'s Notice of Removal ¶ 4.[1] Based on the citizenship of its members and sub-members, defendant is a citizen of both Delaware and Ohio. *See* Disclosure Statement, ECF No. 2; Disclosure of Members & Sub-Members Speedway, LLC, ECF No. 33.[2] With respect to the amount in controversy, plaintiff has alleged a number of medical injuries, *see* Compl. ¶¶ 11-12, and defendant has established by a preponderance of the evidence an amount in controversy over $75,000, *see* Def.'s Notice Removal ¶ 7; *see also* 28 U.S.C. § 1446(c)(2).

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

---

[1] For a natural person to be "a citizen of a State" under the diversity statute, that person must be a United States citizen and a domiciliary in that State. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

[2] The citizenship of an LLC is determined based on the citizenship of its members and sub-members. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). If, as here, any member of an LLC is a corporation, then the LLC is a citizen of the state(s) in which its corporate members are incorporated and have their principal places of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

*Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018) (quoting *Anderson*, 477 U.S. at 248). Inferences from the underlying facts should be drawn in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

As far as substantive law, Pennsylvania law governs this dispute between citizens of different states. To determine governing law in a diversity case, a federal court looks to the choice-of-law rules of the jurisdiction in which it is located, in this case, Pennsylvania. Under those standards, Pennsylvania premises-liability law applies.[3]

## ANALYSIS

Under Pennsylvania law, a possessor of land is not strictly liable for injuries that occur on the property. But when a person comes onto the property as an invitee,[4] the possessor of the property owes a duty to exercise reasonable care to protect the invitee from unreasonable risks of harm while on the property. *See Brewington for Brewington v. City of Phila.*, 199 A.3d 348, 355, 355 n.3 (Pa. 2018). As recently explained by the Pennsylvania Supreme Court, actual or

---

[3] The parties have not identified a conflict with the law of any other state, and they implicitly agree that Pennsylvania law governs. Nor do these facts warrant the application of anything other than Pennsylvania law: plaintiff's injury and the alleged negligent conduct occurred at defendant's premises in Pennsylvania. *See Budget Rent-A-Car Sys., Inc. v. Chappell*, 407 F.3d 166, 169-70 (3d Cir. 2005); *see also Cipolla v. Shaposka*, 267 A.2d 854, 855 (Pa. 1970).

[4] *See* Restatement (Second) of Torts § 332 (1965) (defining "invitee" as "(1) those who enter as members of the public for a purpose for which the land is held open to the public; and (2) those who enter for a purpose connected with the business of the possessor."); *see also Atkins v. Urban Redevelopment Auth. of Pittsburgh*, 414 A.2d 100, 103 n.2 (Pa. 1980) (endorsing the definition of "invitee" as set forth in Restatement (Second) of Torts § 332 (1965)).

constructive notice of an unreasonable risk of harm on the premises is an element of a premises-liability claim:

> [D]amages are recoverable at common law for harm caused to invitees by conditions of a property if the possessor of the land *knows, or has reason to know*, of a latent unreasonable risk of harm that he should expect the guest not to discover or recognize, and if he fails to render that condition reasonably safe.

*Id.* at 355 (emphasis added). *See also Atkins*, 414 A.2d at 103-04 (adopting Restatement (Second) of Torts § 343 (1965)); *McDowell v. Moran Foods, LLC*, 680 F. App'x 72, 75 (3d Cir. 2017).

In moving for summary judgment, defendant argues that plaintiff cannot meet two elements of a premises-liability claim. First, defendant contends that no dangerous condition existed because the tile floor was not wet. Second, defendant argues that even if a liquid were on the tile floor, defendant did not have notice of that dangerous condition. As explained below, both justify summary judgment for defendant.

### A. Whether a Dangerous Condition Existed

The parties disagree on whether a dangerous condition existed. Defendant contends that it is entitled to summary judgment because plaintiff has not presented evidence of a liquid on the floor. *See* Def.'s Br. at 9, ECF No. 23. Plaintiff counters with some circumstantial evidence. At her deposition, plaintiff testified that, after her fall, she felt droplets of liquid on the floor and she had a wet spot on her pants. *See* Pl.'s Opp'n at 2-3; K. Wood Dep. Tr. at 41-43, ECF No. 28-1; *see also* Fed. R. Civ. P. 56(c)(1)(A) (permitting the use of deposition testimony to support a party's assertion that a fact is genuinely disputed). Plaintiff also relies on deposition testimony

from the shift lead, who heard from the cashier that shortly after the fall, plaintiff stated that she slipped on a wet floor. *See* Pl.'s Br. Opp'n at 4; C. Jackson Dep. Tr. at 39.[5]

Based on plaintiff's circumstantial evidence, a fair-minded jury could not reasonably conclude that the tile floor was dangerously wet before plaintiff fell and spilled her drink. *See Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). No one saw any wetness on the floor. *See* SMF ¶¶ 3, 14, 38. Nor did the surveillance footage reveal any wetness on the floor – or even any spills. *See id.* ¶¶ 13, 16. As for the alleged wet spot on plaintiff's pants, it is speculative that it came from an accumulation of liquid on the floor, as opposed to the drink that plaintiff spilled as she fell. The droplets of liquid on plaintiff's hand from allegedly touching the floor would likewise be insufficient for a reasonable jury to find in her favor, especially since the surveillance images, taken at one-second intervals, do not show plaintiff's hand ever touching the floor. For these reasons, defendant is entitled to summary judgment.

**B.     Whether Defendant Had Notice of a Dangerous Condition**

Beyond her failure to provide a basis for a jury to find a wet floor, plaintiff does not establish that defendant had the requisite notice of a dangerous condition. To prevail on her premises-liability claim, plaintiff must establish that defendant had either actual or constructive notice of the latent unreasonable risk of harm. *See Brewington*, 199 A.3d at 355. Plaintiff has not argued that defendant or any of its employees had actual notice of any liquid on the floor.

---

[5] Defendant did not object to the shift lead's testimony at the deposition or in its reply brief. *See generally* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.").

Assuming *arguendo* that the tile floor was wet, plaintiff still fails to come forth with evidence of defendant's constructive notice.

A party has constructive notice of a harmful transitory condition when the "condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it." *See Moultrey v. Great A & P Tea Co.*, 422 A.2d 593, 596 (Pa. Super. Ct. 1980); *see also Lanni v. Pa. R.R. Co.*, 88 A.2d 887, 889 (Pa. 1952); *Seibert v. Coker*, 2018 WL 4957904, at *4 (Pa. Super. Ct. Oct. 15, 2018); *Sheil v. Regal Entm't Group*, 563 F. App'x 216, 218 (3d Cir. 2014).[6] The time between "the origin of the defect and the accident" is critical: if no evidence is presented as to the minimum length of time a dangerous condition existed, a plaintiff cannot show that the defendant had constructive notice of the condition. *Lanni*, 88 A.2d at 889 (granting judgment for the defendant *non ostante veredicto* where the plaintiff slipped on grease, the grease was covered with dust or dirt, and there were no footprints on the grease, but the plaintiff could not show "whether the grease spot was on the driveway 10 minutes, 10 hours or 10 days prior to plaintiff's accident."); *see also Cox v. Wal-Mart Stores E., L.P.*, 350 F. App'x 741, 744 (3d Cir. 2009) ("[W]ithout any evidence that the oil was observable for any significant duration of time, a jury may not reasonably infer that Wal-Mart had constructive notice."). Pennsylvania courts consider several additional factors in evaluating constructive notice:

> [T]he size and physical condition of the premises, the nature of the business conducted thereon, the number of persons using the premises and the frequency of such use, the nature of the defect and its location on the premises, its probable cause and the opportunity which defendant, as a reasonably prudent person, had to remedy it.

---

[6] *See generally* 3 Summ. Pa. Juris. 2d Torts § 39:89 (2d ed.) ("An inference of negligence does not flow simply from the fact that there was a substance on the floor and an injury was caused by it because the plaintiff's proof must indicate the source of the substance, that the defendant was responsible for its presence, and either that the defendant had actual knowledge of it or that it was there for a period of time prior to the accident so as to impute constructive notice." (citing *Reay v. Montgomery Ward & Co.*, 35 A.2d 558 (Pa. Super. Ct. 1944))).

7

*Lanni*, 88 A.2d at 889 (quoting *Langley v. F.W. Woolworth Co.*, 131 A. 194 (R.I. 1925)).

Plaintiff argues that defendant had constructive notice because spills happen at the store daily, the cashier had a direct view of the area, and the liquid was in a high traffic area. *See* Pl.'s Opp'n at 8-9. Those theories of constructive notice are unavailing. The frequent spills and the "wet floor" signs by the drink station do not support the inference that defendant should have known of dangerously slippery conditions by the front entrance, especially in the absence of any evidence of a spill at the front entrance. And as the undisputed facts reveal, the cashier swept and mopped the floor approximately two hours before plaintiff's fall, and, from approximately one hour before her fall until her fall, he did not see any liquid on the floor, nor did he see anyone spill on the floor. *See* SMF ¶¶ 28, 31, 33. Those facts demonstrate not only an absence of a liquid on the floor, but also a lack of constructive notice of any such wetness in light of the vigilance of defendant's employee. Plaintiff likewise did not see any liquid on the floor before she fell. *See id.* ¶¶ 3, 11-12, 14, 20. Even more, surveillance images reveal that in the two minutes before plaintiff's fall, two customers walked on the same path as plaintiff, and neither one spilled (or slipped). *See id.* ¶16. Put simply, no one at the scene of the accident – either shortly beforehand or immediately afterwards – could discern any liquid on the floor. *See id*. ¶¶ 12, 14, 20, 31, 38. It would overstrain the concept of constructive notice to find that defendant should have known about that supposed condition. That conclusion is on even surer footing here, where plaintiff has not sufficiently demonstrated a wet floor, much less the amount of time that the floor was wet.

In sum, if any liquid were actually on the floor, plaintiff would have to come forth with some evidence of defendant's actual or constructive notice of that liquid. *See Celotex*, 477 U.S. at 323 (explaining that in responding to a summary judgment motion, the nonmoving party with

the burden of proof on a dispositive issue must identify specific facts showing that there is a genuine issue for trial (quotations omitted)); *see also* Fed. R. Civ. P. 56(e). Plaintiff has not. That also entitles defendant to summary judgment.

## CONCLUSION

For the reasons stated herein, defendant's Motion for Summary Judgment at ECF No. 20 is GRANTED.

BY THE COURT:

**May 24, 2019**　　　　　　　　　　　　　　　　**/s/ *Peter J. Phipps***
Date　　　　　　　　　　　　　　　　　　　　　　PETER J. PHIPPS
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE